IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:26-cr-00131-ALM-BD-2** |
| | § | |
| **VANESSA ELIAS** | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Vanessa Elias moved to reopen the question of her pretrial detention and requests release on conditions. Dkt. 109; *see* Dkt. 119 (response). The motion will be denied.

## BACKGROUND

Elias was arrested on a complaint alleging violation of 21 U.S.C. § 846 (conspiracy to possess with the intent to manufacture and distribute and distribution of methamphetamine). Dkt. 1; *see* Dkts. 42 (subsequent indictment), 90 (first superseding indictment). The government moved to detain her at her initial appearance. *See* Minute Entry for May 19, 2026. She waived her right to a detention hearing and "agree[d] to be held in custody pending disposition of this matter." Dkt. 19; *see* Dkt. 20 (detention order).

Elias now seeks to reopen the question of her pretrial detention, stating that, "[a]lthough the charged offense gives rise to the rebuttable presumption [in favor of detention] set forth in 18 U.S.C. § 3142(e)(3)(A), Ms. Elias seeks the opportunity to rebut that presumption by presenting evidence concerning her history and characteristics, community and family ties, and any conditions that may reasonably assure her appearance and the safety of the community." Dkt. 109 at 2. The motion cites 18 U.S.C. § 3142 but neither mentions the legal standard that applies to requests to reopen the question of pretrial detention under that provision nor describes or attaches any evidence in support of Elias's request. It just lists several considerations that might have favored a conclusion that Elias could have been appropriately released on conditions, rather than detained, on the day of her initial appearance. *Id.* The government filed a response in opposition to the

motion, discussing the applicable legal standard and arguing that Elias had not satisfied it. Dkt. 119. Elias did not file a reply.

## LAW

The court may reopen the question of pretrial detention if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (final paragraph). If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Neither obtaining new counsel nor thinking of a better argument against detention qualifies as "new information within the meaning of § 3142(f)." *United States v. Cisneros-Monje*, No. 1:20-cr-00159-JLT-SKO, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of the provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938

F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (Ramirez, J.).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [her or her] criminal hearing[] or decrease[s] the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015). For that reason, a successful motion to reopen the question of detention must show that the new or previously unknown evidence on which the motion is based establishes that the movant is "less likely to be a flight risk or a danger to any person or the community." *United States v. James*, No. 23-50044, 2023 WL 3300973, at *1 (5th Cir. May 8, 2023).

## DISCUSSION

The government's response states the applicable legal standard and explains that Elias's motion fails to satisfy the requirement that the evidence Elias now wants to present was unavailable at the time of her initial appearance. Dkt. 119. And indeed, the motion is based entirely on facts stated in a pretrial-service report that Elias concedes was prepared "[p]rior to" her waiver of her right to a detention hearing and child-care responsibilities that Elias would necessarily have known of at that time. Dkt. 109 at 2. Under the authorities cited in this order, those are insufficient bases to reopen the question of pretrial detention.

## CONCLUSION

It is **ORDERED** that Elias's motion to reopen the question of pretrial detention, Dkt. 109, is **DENIED**.

So **ORDERED** and **SIGNED** this 1st day of October, 2026.

Bill Davis
United States Magistrate Judge